RG-2001-2                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| R & G Premier Bank of Puerto Rico<br>    Recurrente<br><br>          v.<br><br>Sandra Valentín, Registradora de la<br>Propiedad, Sección Tercera de San Juan<br>    Recurrida | Recurso Gubernativo<br><br>2002 TSPR 143<br><br>158 DPR _____ |

Número del Caso: RG-2001-2


Fecha: 5/noviembre/2002


Abogado de la Parte Peticionaria:
                         Lcdo. Heberto J. De Vizcarrondo Armstrong


Abogado de la Parte Recurrida:
                         Por Derecho Propio



        Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correcciones del proceso
    de compilación y publicación oficial de las decisiones del
    Tribunal. Su distribución electrónica se hace como un servicio
    público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


**R & G Premier Bank of Puerto Rico**

     Recurrente

       v.                       RG-2001-2        Certiorari

Sandra Valentín, Reg. de la Propiedad, Sec. Tercera de San Juan

     Recurrida


**Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.**

**San Juan, Puerto Rico, a 5 de noviembre de 2002.**


**Nos toca resolver en esta ocasión, mediante un recurso gubernativo, si la Registradora de la Propiedad podía denegar la inscripción de una escritura de hipoteca porque en la vista de autorización judicial no compareció un defensor judicial en representación de unos menores aun cuando a dicha vista compareció una Procuradora Especial de Relaciones de Familia en representación de los menores y el Tribunal de Primera Instancia autorizó a que se gravara el inmueble en cuestión.**

**I**

**El 12 de mayo de 2000 la Sra. Zacarías Santos Jiménez (Santos Jiménez) por sí y en**

representación de sus hijos menores de edad Noemí Calderón

Santos y Juan Calderón Santos t/c/c John Calderón Santos otorgó

la escritura Número 122 ante el notario público Herberto J.

De Vizcarrondo Armstrong, mediante la cual se constituyó una

primera hipoteca sobre la finca que se describe en el Registro

de la Propiedad, Sección Tercera de San Juan de la siguiente

manera:

> URBANA: **Solar radicado en el Barrio Monacillos del término Municipal de Río Piedras, antes, hoy San Juan, Puerto Rico, marcado con el número Seis guión B (6-B) de la manzana "KI", antes, hoy Calle número Dieciséis (16), Mil doscientos catorce S.E. (1,214 S.E.), en la Urbanización Caparra Terrace, con una cabida superficial de DOSCIENTOS TREINTA Y SIETE PUNTO CINCUENTA METROS CUADRADOS (237.50), en lindes por el** NORTE, **en una distancia de nueve punto cincuenta metros (9.50), con la Calle número Setenta y seis (76) antes, hoy Calle número Dieciséis S.E. (16 S.E), de la Urbanización, por el** SUR, **en una distancia de nueve punto cincuenta metros (9.50), con el Solar número Quince (15) de la Manzana "KI"; por el** ESTE, **en una distancia de veinticinco metros (25.00), con el Solar número Seis guión A (6-A) de la Manzana "KI", y por el** OESTE, **en una distancia de veinticinco metros (25.00), con el Solar número Cinco guión A (5-A) de la Manzana "KI". Existe una servidumbre por signo aparente establecido por la corporación vendedora en la pared que divide los Apartamentos "A" y "B", cuya pared continuará sirviendo a ambos apartamientos y permanecerá en común proindiviso y en toda su actual extensión y espesor a los propietarios de ambos apartamientos. Enclava una casa.**

La propiedad está inscrita en los folios 172 y 173 del

tomo seiscientos diecinueve de Monacillos, finca 8,380

inscripción décima, undécima y duodécima, en el Registro de

la Propiedad de San Juan, Sección Tercera.

Santos Jiménez constituyó la referida hipoteca en

garantía de un pagaré a favor de R & G Premier Bank of Puerto

Rico (el recurrente) por la suma principal de 25,000 dólares

a razón del 8¾ por ciento de interés anual vencedero el 1 de junio de 2015 y fue presentada para su inscripción con el asiento 87 en el libro 594 del Diario de Operaciones en el Registro de la Propiedad de San Juan, Sección Tercera. La comparecencia de Santos Jiménez en representación de sus hijos estuvo autorizada en virtud de una resolución dictada previamente por el Tribunal de Primera Instancia, Sala Superior de San Juan, ante el cual compareció también la Procuradora de Relaciones de Familia y así se hizo constar en la referida escritura.

El 8 de agosto de 2001 la Registradora de la Sección Tercera de San Juan, (la Registradora) notificó un defecto sobre la inscripción de la hipoteca referida. Señaló como falta que "habiendo conflicto de interés entre la madre y los menores se requiere un defensor judicial en representación de los menores tanto en la autorización judicial y en la escritura de hipoteca". En desacuerdo con tal calificación, el 24 de agosto de 2001 el recurrente presentó un Escrito de Recalificación, el cual fue denegado por la Registradora mediante notificación de 27 de agosto de 2001. Inconforme con las faltas señaladas por la Registradora, 14 de septiembre de 2001 el recurrente presentó ante nos un recurso gubernativo para cuestionar la decisión referida de la Registradora de la Propiedad. En esencia, adujo que ésta no podía revisar, mediante su poder calificador, lo expresamente resuelto por un tribunal de justicia.

El 11 de octubre de 2001 le concedimos un término adicional a la Registradora para que contestara el recurso gubernativo referido. El 18 de octubre de 2001 la Registradora presentó ante nos una moción de desestimación con respecto a dicho recurso, mediante la cual alegó que eran realmente dos faltas las que presentaba la escritura en cuestión, a saber: la primera, sobre la ausencia de un defensor judicial, que se señaló originalmente en la denegatoria de inscripción; y una segunda falta, en la cual la Registradora señaló que estaba calificando una escritura de hipoteca en la cual la madre, quien es codueña con sus hijos, era la única que otorgaba la hipoteca en la escritura mencionada como si fuera dueña de la totalidad del inmueble.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos.


II

Pasemos, antes que nada, a identificar las normas de derecho aplicables al caso de autos relativas a la facultad calificadora que ostenta un Registrador de la Propiedad; y las relativas a la enajenación de bienes de los menores de edad.

Como parte del principio de legalidad inmerso en nuestro ordenamiento registral, los Registradores de la Propiedad tienen la obligación legal de verificar que todo documento presentado ante el Registro sea válido y perfecto. <u>Gasolinas PR v. Registrador</u>, res. el 15 de noviembre de 2001, 155 D.P.R ___, 2001 TSPR 158, 2001 JTS 161; <u>U.S.I. Properties Inc. v.</u>

<u>Registrador</u>, 124 D.P.R. 448, 465 (1989); <u>Dershowitz & Co., Inc. v. Registrador</u>, 105 D.P.R. 267 (1976). Esta función verificadora se limita a determinar si un documento es o no inscribible. No comprende la facultad de declarar la existencia o no existencia de un derecho dudoso o contendido entre partes. <u>Gasolinas PR v. Registrador</u>, *supra*; <u>Preciosas Vistas del Lago v. Registrador</u>, 110 D.P.R. 802, 810 (1981).

Es mediante el mecanismo de la calificación que el Registrador de la Propiedad instrumenta este principio de legalidad y comprueba la legalidad de los títulos presentados al Registro antes de acceder a su inscripción. <u>Gasolinas PR v. Registrador</u>, *supra*; <u>Western Federal Savings Bank v. Registrador</u>, 139 D.P.R. 328 (1995); <u>Preciosas Vistas del Lago v. Registrador</u>, *supra*.

La calificación registral constituye la piedra angular del principio de legalidad. Esta calificación exige del Registrador de la Propiedad un juicio de crítica jurídica sobre la validez y la eficacia de los negocios jurídicos a que se refieren los documentos presentados, a través del cual se procura que sólo tengan acceso al Registro los títulos que cumplen las exigencias legales. <u>Narváez v. Registrador</u>, res. el 4 de enero de 2002, 156 D.P.R.___, 2002 TSPR 1, 2002 JTS 7; <u>Alameda Tower Associates v. Muñoz Román</u>, 129 D.P.R. 698 (1992).

La amplitud de la facultad del Registrador para calificar los documentos notariales es dictada por la Ley Hipotecaria junto a su Reglamento y se extiende a examinar: (1) que éstos

cumplan con las formas extrínsecas dispuestas por la ley; (2) que los otorgantes ostenten la capacidad jurídica para realizar el negocio jurídico pertinente; (3) que los actos dispositivos contenidos en la escritura presentada sean válidos, y (4) que no existan obstáculos que surjan del Registro de la Propiedad que impidan la inscripción del documento. Gasolinas PR v. Registrador, *supra*; Western Federal Savings Bank v. Registrador, *supra*.

El Artículo 64 de la Ley Hipotecaria dispone que la calificación en cuanto a los documentos expedidos por la autoridad judicial se limitará: (1) a la jurisdicción y competencia del tribunal; a la naturaleza y efectos de la resolución dictada si ésta se produjo en el juicio correspondiente; y si se observaron en él los trámites y preceptos esenciales para su validez; (2) a las formalidades extrínsecas de los documentos presentados; y (3) a los antecedentes del Registro. Véase, 30 L.P.R.A. sec. 2267. Así, hemos señalado anteriormente, que cuando el negocio a ser inscrito está sancionado por un tribunal de justicia, debe prevalecer la presunción de validez de la sentencia. U.S.I. Properties, Inc. v. Registrador, *supra*.

En cuanto a ese particular, el Reglamento Hipotecario especifica que "[l]as determinaciones judiciales respecto a los hechos y derechos que corresponden a las partes envueltas en un litigio a tenor con el Artículo 67 de la Ley (30 L.P.R.A. sec. 2270) no podrán ser objeto de calificación por el Registrador sin perjuicio a lo dispuesto en el Artículo 64 de

la Ley (30 L.P.R.A. sec. 2267) tocante a los documentos expedidos por la autoridad judicial". Reglamento Hipotecario, sec. 79.1. Por lo anterior, es evidente que al calificar documentos judiciales, la Ley Hipotecaria y del Registro de la Propiedad le asigna al Registrador de la Propiedad una facultad limitada. P.R. Prod. Credit Assoc. v. Registrador, 123 D.P.R. 231 (1989).

Por otro lado, el Código Civil permite que los padres con patria potestad enajenen o graven los bienes inmuebles de sus hijos menores de edad solamente con autorización judicial. Véase, Artículo 159 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 616. Una madre con patria potestad no tiene poder para gravar bienes inmuebles de sus hijos menores, sin la previa autorización del tribunal correspondiente. Meléndez v. Registrador, 58 D.P.R. 327 (1941). Así mismo, el Artículo 160 del Código Civil establece que "[s]iempre que en algún asunto ambos padres o alguno de ellos tenga un interés opuesto al de sus hijos no emancipados, el Tribunal Superior nombrará a éstos un defensor judicial que los represente en juicio y fuera de él..." Véase, 31 L.P.R.A. sec. 617. Un defensor judicial es un tutor especial que se nombra a un menor o incapacitado para que le represente en un pleito específico. Rivera Durán v. Banco Popular de Puerto Rico, res. el 2 de octubre de 2000, 152 D.P.R.___, 2000 TSPR 144, 2000 JTS 156; Fernández Martínez v. Tribunal Superior, 89 D.P.R.754, 758 (1964). El nombramiento de un defensor procede cuando el menor no emancipado tenga en algún asunto un interés realmente opuesto

al del padre o la madre. Véase, Jordán v. Registrador, 17 D.P.R. 931 (1911).

A la luz de la normativa antes reseñada, pasemos a examinar las faltas notificadas por la Registradora al denegar la inscripción de la escritura de hipoteca que nos concierne en este recurso.

### III

En el caso de autos, el inmueble objeto de la escritura de hipoteca pertenecía a unos menores de edad y a su madre por lo que a tenor con el Artículo 159 del Código Civil, *supra*, la madre necesitaba una autorización judicial para poder gravar el referido inmueble. La Registradora ha alegado que la Procuradora Especial de Relaciones de Familia no podía suplir las funciones del defensor judicial que requiere el Artículo 160 del Código Civil, *supra*. De ahí se aduce que estaba ausente de la faz de la Resolución de 26 de abril de 2000 el cumplimiento con este requisito de ley.

Por su parte el recurrente alega que la resolución judicial en el caso de autos es clara y precisa al autorizar la constitución de la referida hipoteca y señalar que la Procuradora de Relaciones de Familia intervino y recomendó favorablemente la petición presentada por la madre disipando cualquier temor en cuanto a un conflicto de intereses. Alega, también, que se incluyó como documento complementario la referida Resolución que autorizaba a la madre a hipotecar el inmueble en representación de los menores.

Surge de la resolución judicial de 26 de abril de 2000 dictada por el Tribunal de Primera Instancia en este caso que la Sra. Zacarías Santos Jiménez compareció a la vista sobre autorización judicial con su representación legal, y que en representación de los menores de edad compareció la Lcda. Anabelle Vázquez, Procuradora Especial de Relaciones de Familia. Según consta en la referida Resolución, luego de evaluada la totalidad de la prueba presentada y con la recomendación favorable de la Procuradora de Relaciones de Familia, el tribunal autorizó a gravar el inmueble propiedad de Santos Jiménez y de sus hijos menores de edad.

A tenor con la ley, los Procuradores Especiales de Relaciones de Familia, a solicitud de parte interesada y previa orden de un juez, pueden actuar como abogados sin cobrar honorarios en procedimientos sobre autorización judicial. Véase, 3 L.P.R.A. secs. 135a y 135b. Como se señala en las referidas secciones, los Procuradores Especiales de Relaciones de Familia pueden representar los intereses de una parte en un determinado pleito. Según consta en la Resolución emitida aquí por el foro de instancia, la Procuradora de Relaciones de Familia en efecto representó los intereses de los menores de edad en el caso de autos, ejerció la función de un defensor judicial, y estuvo de acuerdo en que se hipotecara el inmueble del que eran codueños los menores. Como señalamos en el acápite anterior, un defensor judicial es un tutor especial que se le nombra a un menor precisamente para que lo represente en un pleito específico. Lo esencial es que

se lleve a cabo tal representación, y esta ocurre aunque la representación la ostente un Procurador de Relaciones de Familia. Se cumplió aquí, pues, con el requisito exigido por nuestro derecho civil de que el menor estuviese representado por un defensor judicial en los procedimientos *a quo*. Como se ha señalado ya, cuando se trata de documentos judiciales, la propia Ley Hipotecaria le asigna al Registrador una facultad calificadora limitada. En este caso, la Registradora debió limitarse a examinar que la transacción tuviese la autorización judicial por ser codueños del inmueble unos menores de edad y que los menores estuviesen representados por un tercero en el tribunal.

En cuanto a la segunda falta notificada por la Registradora, surge con meridiana claridad de la propia escritura de hipoteca que Santos Jiménez compareció a nombre propio y en representación de sus hijos menores de edad, <u>todos como codueños del referido inmueble</u>. Queda claro que tanto en la escritura de hipoteca como ante el tribunal los hijos referidos aparecieron como codeudores del préstamo hipotecario en cuestión, por razón de su carácter de codueños del inmueble a ser hipotecado. Erró la Registradora al concluir lo contrario.

En conclusión, la Registradora excedió sus funciones calificadoras al denegar la inscripción de la escritura de hipoteca debido a que en la vista de autorización judicial compareció la Procuradora Especial de Relaciones de Familia como defensora judicial de los menores a tenor con el Artículo

160, *supra*. Erró también al determinar que en la escritura de hipoteca solamente comparecía la madre como única dueña del referido inmueble. A base de la prueba presentada el tribunal autorizó a que se gravara el inmueble de los menores de edad para el beneficio de estos sin que hubiese error alguno en tal dictamen.

Por los fundamentos antes expuestos, debe ordenarse a la Registradora de la Propiedad de la Sección Tercera de San Juan que proceda a inscribir la escritura Número 122 sobre constitución de hipoteca a favor de R & G Premier Bank of Puerto Rico. Se dictará sentencia de conformidad.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

R & G Premier Bank of Puerto
Rico

  Recurrente

    v.        RG-2001-2    Certiorari

Sandra Valentín, Reg. de la
Propiedad, Sec. Tercera de
San Juan

  Recurrida

SENTENCIA

San Juan, Puerto Rico, a 5 de noviembre de 2002.

  Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se dicta sentencia ordenando a la Registradora de la Propiedad de la Sección Tercera de San Juan que proceda a inscribir la escritura Número 122 sobre constitución de hipoteca a favor de R & G Premier Bank of Puerto Rico.

  Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

          Patricia Otón Olivieri
         Secretaria del Tribunal Supremo