per curiam:
Nos corresponde evaluar la actuación del Re-gistrador de la Propiedad, quien se negó a inscribir una *836 escritura de venta judicial por no haberse acreditado ade-cuadamente, a su juicio, el fiel cumplimiento con la Ley Núm. 172 de 12 de mayo de 2000, que enmendó la Regla 51.8 de de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta regla, según enmendada, regula el aviso de la venta judicial y exige que en los casos en los que el demandado no haya comparecido al pleito en el que se ejecuta una senten-cia, se le notifique de la venta judicial por “vía [de] correo certificado con acuse de recibo a la última dirección conocida”.
El notario en este caso, al solicitar del Registro de la Propiedad la inscripción de un inmueble adquirido en una venta judicial, acompañó la escritura con, entre otras co-sas, copia de los sobres certificados con acuse utilizados para notificar la venta judicial a los deudores hipotecarios demandados. Los sobres fueron devueltos por el servicio postal de correos. El Registrador de la Propiedad se negó a inscribir la propiedad por entender que ello era insufi-ciente para acreditar el cumplimiento con el requisito de notificación establecido en la Ley Núm. 172, supra, y exigió que se presentara una declaración jurada en la cual se cer-tificara el contenido del sobre para proceder con la inscripción.
I
Los. hechos en este caso son sencillos y sobre ellos no hay controversia alguna, por lo que pasamos a resumirlos.
En febrero de 2000, el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Arecibo, dictó una senten-cia en rebeldía a favor de R & G Mortgage Corporation en un caso de ejecución de hipoteca por la vía ordinaria. RG Mortgage v. Ernesto Rafael Gómez et al., caso Civil. Núm. 99-0270. La sentencia ordenó que, de no satisfacerse la deuda, se procediera a la venta en subasta pública de la finca hipotecada.
El 28 de junio de 2004, el foro de instancia dictó una *837 orden para que se librara el mandamiento correspondiente de ejecución de sentencia dirigido al alguacil y se proce-diera con la venta judicial. Toda vez que los deudores no habían comparecido al pleito, el acreedor hipotecario ejecu-tante les notificó de la venta judicial conforme lo ordena la Regla 51.8 de Procedimiento Civil, supra; es decir, por co-rreo certificado con acuse a la última dirección conocida.
Expedido el mandamiento y publicado el edicto de su-basta, se procedió con la venta judicial. Ésta se llevó a cabo el 4 de noviembre de 2004. A la subasta comparecieron como postores las entidades siguientes: R & G Mortgage Corporation, S.I.A.L. Investments y BL Investment, Inc. La buena pro le fue adjudicada a este último por ser el mejor postor. Posteriormente, el alguacil y BL Investment Inc. comparecieron como otorgantes en la escritura corres-pondiente de venta judicial ante el notario Teodoro L. Ta-pia Gómez.
El 9 de mayo de 2005, la escritura de venta judicial se presentó para su inscripción en el Registro de la Propie-dad, Sección Primera de Arecibo. Se acompañó dicha escri-tura con copia de los documentos siguientes: el pagaré otorgado, la sentencia en rebeldía dictada, la orden y el mandamiento dirigidos al alguacil, el edicto de la subasta, una declaración del emplazador para atestiguar que colocó el edicto de subasta en los lugares que ordena la referida Regla 58.1, el affidávit del periódico donde se publicó el edicto de la subasta, el acta de subasta y, finalmente, la copia de los sobres utilizados para notificarles a los deman-dados, deudores hipotecarios, de la venta judicial que ha-bría de efectuarse. Surge de la faz de los sobres, que el servicio postal de correo los devolvió al remitente.
Presentada la escritura de la venta judicial, el Registra-dor de la Propiedad notificó, en lo que ahora nos concierne, la falta siguiente: que para “la inscripción del documento, ... [se] deberá acreditar mediante declaración jurada que se ha cumplido con las disposiciones de la Ley 172, de 12 de mayo de 2000”.
*838 El notario del adquirente presentó oportuno escrito de recalificación. En el escrito presentado argüyó que las co-pias de los sobres certificados enviados por correo, los cuar les constaban en el expediente del tribunal de instancia, eran prueba suficiente del cumplimiento con la Ley Núm. 172. Señaló, además, que estos sobres fueron aceptados como válidos por el tribunal durante el proceso de la venta judicial, por lo que estimaba improcedente la exigencia del Registrador de la Propiedad. Rechazó de este modo que fuera necesario para acreditar la notificación del aviso de subasta, que se presentara una declaración jurada donde se atestiguara el contenido de los sobres en cuestión.
El Registrador de la Propiedad procedió entonces a no-tificar la denegatoria de inscripción conforme al Art. 71 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2274. Se presentó oportunamente de tal dene-gatoria un Recurso Gubernativo ante este Tribunal.
El Registrador de la Propiedad compareció ante noso-tros y sostuvo en su comparecencia que no es suficiente para cumplir con la Regla 51.8 de Procedimiento Civil, supra, incluir entre los documentos complementarios presen-tados una copia de los sobres en los que se le notificó al deudor hipotecario de la venta judicial. Sostiene el Regis-trador que es necesario también que se acredite, mediante una declaración jurada, el contenido del sobre, de suerte que se tenga constancia de que se ha cumplido cabalmente con la Regla 58.1 de Procedimiento Civil, supra. Específi-camente, el Registrador indicó lo siguiente:
Nuestro planteamiento es a los efectos de que para entender cumplidas las exigencias de la Ley 172 del 12 de agosto de 2000 bien sea el Tribunal por conducto del Sr. Alguacil, o la parte promovente del caso, por si o por la persona que envió la comunicación, mediante declaración jurada tienen que hacer constar, a nuestro juicio que el mencionado sobre contenía la notificación de la subasta que requiere la propia Ley.
*839 La mera entrega al Alguacil o radicación para unir al expe-diente de un sobre que fue dirigido por correo certificado a la parte demandada a su dirección postal, o por lo menos a su última dirección postal conocida según fue el caso, y devuelto por la oficina de correos no es evidencia de por sí del cumpli-miento con la Ley 172 del 12 de agosto de 2000. El requerir de la persona que envió dicho sobre una declaración bajo jura-mento en cuanto al contenido del mismo, nos parece justo, ra-zonable y necesario. (Énfasis nuestro.) Alegato del recurrido, pág. 2.
Trabada así la controversia, procedemos a resolverla.
II
 A. El principio de legalidad es uno de los princi-pios axiales del derecho hipotecario. Exige que los títulos que pretenden acceder al Registro de la Propiedad sean sometidos a un examen previo, verificación o calificación, de suerte que sólo puedan tener acceso a los libros hipote-carios los títulos válidos y perfectos. La “gran fuerza publi-citaria que la ley otorga a los asientos regístrales y los inevitables efectos que de la misma se derivan” exigen la calificación previa de los documentos. J.M. Chico y Ortiz, Calificación jurídica, conceptos básicos y formularios regís-trales, Madrid, Ed. Marcial Pons, 1987, pág. 21. El Regis-trador de la Propiedad califica los documentos para proce-der a su inscripción, o denegarla, cuando aprecie en ellos un vicio o defecto. Véanse, entre otros: Rigores v. Registrador, 165 D.P.R. 710 (2005); R & G Premier Bank P.R. v. Registradora, 158 D.P.R. 241 (2002).
La calificación se configura como el mecanismo que instrumenta el principio de legalidad, pues “el fin de la calificación registral es determinar si el título es o no inscribible”. L.R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed., San Juan, Jurídica Eds., 2002, pág. 281. Véase, además, R & G Premier Bank P.R. v. Registradora, supra. En Rigores, Inc. v. Registrador de la Propiedad, supra, págs. 719-720, indicamos que la califi- *840 cación registral es la piedra angular del principio de la legalidad y exige del Registrador de la Propiedad un juicio de crítica jurídica sobre la validez y eficacia de los negocios jurídicos contenidos en los documentos presentados, a tra-vés de la cual se logra que sólo tengan acceso al Registro los títulos que cumplan con las exigencias legales. Véanse, además: R & G Premier Bank v. Registradora, supra, pág. 246; Narváez v. Registrador, 156 D.P.R. 1 (2002).
Por otro lado, el Art. 68(2) de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2271(2), señala como falta que impide la inscripción del título presentado aquella que produce la nulidad del título. Véase, además,. Art. 76.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2003-76.1. La Regla 51.8 de Procedimiento Civil, supra, por su parte, expresamente declara que “[s]erá nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada”. Véanse: Atanacia Corp. v. J.M. Saldaña, Inc., 133 D.P.R. 284 (1993); Lincoln Savs. Bank v. Figueroa, 124 D.P.R. 388 (1989).
En C.R.U.V. v. Registrador, 117 D.P.R. 662, 667 (1986), sostuvimos que, al calificar para su inscripción una escritura de compraventa judicial para ejecución de sentencia, el Registrador de la Propiedad puede considerar si se han cumplido o no con los requisitos exigidos por la regla para la validez de la subasta. Indicamos, además, que la escritura de compraventa judicial se califica como se califican los documentos notariales y no los judiciales.
El ámbito de la facultad del Registrador de la Propiedad para calificar los documentos notariales se extiende a examinar: primero, que los documentos presentados cumplan con las formas extrínsecas dispuestas por la ley; segundo, que los otorgantes ostenten la capacidad jurídica para realizar el negocio jurídico pertinente; tercero, que los *841 actos dispositivos contenidos en la escritura presentada sean válidos, y cuarto, que no existan obstáculos que surjan del Registro de la Propiedad que impidan la inscripción del documento. Gasolinas PR v. Registrador, 155 D.P.R. 652 (2001); Western Fed. Savs. Bank v. Registrador, 139 D.P.R. 328 (1995). En estos casos, Roca Sastre indica que le compete al Registrador “comprobar si el acto jurídico, en sí, o sea, el contenido de la escritura pública, es válido o nulo, tanto como tal como en sus condiciones”. R. Roca Sastre, y L. Roca-Sastre Muncunill, L., Derecho Hipotecario, 8va ed., Barcelona, Ed. Bosch, 1997, T. IV, pág. 30.
B. En Puerto Rico, el procedimiento de ejecución de hipoteca por la vía ordinaria se rige por las disposiciones de las Regla 51.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, así como por los artículos de la Ley Hipotecaria y del Registro de la Propiedad de 1979 que el legislador hizo expresamente aplicables al procedimiento ordinario. Véase 30 L.P.R.A. see. 2701. Para determinar cuáles son los requisitos que deben observarse al llevar a cabo la venta judicial, una vez recaída la sentencia en el procedimiento ordinario, hay que acudir a ambos cuerpos de ley. Arroyo v. Ortiz y Franco, 133 D.P.R. 62 (1993).
Como ya hemos indicado, la Regla 51.8, supra, exige que, en casos en los que el deudor demandado no haya comparecido al pleito, se le notifique de la venta judicial por correo certificado con acuse a su última dirección conocida. Esta última exigencia, como apuntamos, es secuela de la Ley Núm. 172 de 12 de agosto de 2000, que enmendara la regla.
La controversia ante nuestra consideración se circuns-cribe a determinar cómo se le acredita al Registrador de la Propiedad el cumplimiento de esta disposición. Como ya hemos señalado, en este caso se acompañó la escritura con copia de los sobres certificados, para documentar el cum-plimiento con. el requisito de notificación. No obstante, el Registrador exige que se incluya también una declaración *842 jurada, en la cual se certifique el contenido del sobre que se acompañó con los documentos que se presentaron al Registro de la Propiedad.(1)
III
No hay duda de que al calificar una escritura de compraventa judicial, el Registrador de la Propiedad debe cerciorarse de que se ha cumplido con lo dispuesto en la Ley Núm. 172, y que se la ha notificado al deudor hipotecario, por correo certificado con acuse, que se habrá de efectuar la venta del bien hipotecado. Para ello podrá solicitar los documentos que así lo acrediten. Adviértase que el Art. 64 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. see. 2267, faculta al Registrador a “requerir se produzcan los documentos complementarios necesarios para una adecuada calificación, bien sean estos notariales, judiciales o administrativos”. Es decir, el Registrador puede exigir otros documentos complementarios, siempre que lo estime necesario para lograr una calificación adecuada. L. Rodríguez Otero, Elementos de Derecho Hipotecario, 3ra ed., Ed. Dijusa, 2005, Primera Parte, pág. 127.
En el pasado hemos reconocido que en la etapa post sentencia del procedimiento ordinario de la ejecución de la hipoteca la injerencia del tribunal es menguada, quedando el proceso en manos, sustancialmente, del acreedor hipotecario y del alguacil del tribunal. Adviértase que en los procesos judiciales, cuando es necesario acreditar que se ha cumplido con alguna notificación, la práctica es que *843 se incluya una copia del sobre enviado. Nunca hemos exi-gido que se incluya una declaración jurada en la cual se haga constar el contenido del sobre. Véase Souffront v. A.A.A., 164 D.P.R. 663 (2005). Por lo tanto, sería irrazona-ble e incompatible exigir la declaración jurada para califi-car un documento presentado en el Registro de la Propiedad. Siendo así y ante la ausencia de alguna alega-ción que justifique exigir un documento adicional, resolve-mos que la presentación de los sobres certificados con acuse, en este caso, es suficiente para acreditar que se cumplió con el requisito de notificación del aviso de venta judicial de la Regla 51.8 de Procedimiento Civil, supra.
Por los fundamentos antes expuestos, debe ordenarse al Registrador de la Propiedad de la Sección Primera de Are-cibo que proceda a inscribir la Escritura Núm. 43 de venta judicial, objeto de este recurso.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López no intervino.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Del historial legislativo de la Ley Núm. 172 de 12 de mayo de 2000 (32 L.P.R.A. Ap. Ill, R. 51.8) se desprende que la exigencia de la notificación de la venta judicial al deudor que no compareció al pleito por el correo certificado con acuse, obedeció al interés del legislador de, en los procesos de venta judicial, ampliar las exigencias del debido proceso de ley en la etapa post sentencia. R & G Mortgage v. Sustache, 163 D.RR. 491 (2004). Véase, también, Exposición de Motivos de la Ley Núm. 172 (2000 (Parte 2) Leyes de Puerto Rico 1158-1161). Es decir, “vino a satis-facer los requisitos del debido procedimiento de ley”. Rivera Rivera, op. cit, pág. 581.