Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MANUEL ÁNGEL RODRÍGUEZ COLÓN; ISRAEL RODRÍGUEZ COLÓN; BLANCA I. RODRÍGUEZ COLÓN; SUCESIÓN ANASTACIO RODRÍGUEZ COLÓN y otros<br><br>Peticionarios<br><br>V.<br><br>WILFRIDO RODRÍGUEZ COLÓN, por sí y en representación de la Sociedad Legal de Gananciales compuesta por este y su esposa, ELIZABETH LÓPEZ y otros<br><br>Recurridos | KLCE202300612 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2020CV01065<br><br>Sobre: *Injunction* preliminar y permanente |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de agosto de 2023.

Comparece ante nos el Sr. Manuel Ángel Rodríguez Colón, el Sr. Israel Rodríguez Colón; la Sra. Blanca I. Rodríguez Colón;[1] la Sucesión de Anastacio Rodríguez Colón;[2] y la Sucesión de Juan R. Rodríguez Colón,[3] (parte peticionaria – demandantes) mediante el recurso de *certiorari* epígrafe. Solicitan que revoquemos la *Resolución* emitida el 2 de mayo de 2023 notificada el 3 del mismo

---

[1] En la demanda figuraba como codemandante, la señora Dolores Rodríguez Colón; ahora, es parte codemandada en rebeldía.

[2] Compuesta por Bienvenida Rodríguez Rivera, Amparo Rodríguez Rivera, María I. Rodríguez Rivera, Juan Rodríguez Rivera, María E. Rodríguez Rivera, Jaime Rodríguez Rivera, María M. Rodríguez Fabian y Anastacio Rodríguez Rivera (fallecido), por lo que le sucede Gabriel Rodríguez O'neill.

[3] Compuesta por Sandra Rodríguez Maldonado, Zulma Rodríguez Maldonado, María Rodríguez Maldonado y Gloria Rodríguez Maldonado.

Número Identificador
SEN2023_____

mes y año, por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao. Allí, se declaró *No Ha Lugar* la reconsideración a la paralización de los procesos hasta que se presente una determinación judicial sobre incapacidad de la señora Sandra Rodríguez Maldonado.

Evaluada la totalidad del expediente, **se expide el auto de certiorari** y se **revoca** la *Resolución* recurrida. Veamos los fundamentos.

**-I-**

La parte peticionaria presentó el **2 de noviembre de 2021** una demanda enmendada sobre anulación de escrituras, vicios del consentimiento, reivindicación de bien inmueble, ejecución de la fianza notarial, y daños y perjuicios,[4] contra los demandados: Wilfrido Rodríguez Colón, Elizabeth López, Luz Esther Rodríguez Colón, la abogada – notaria Aida Luz Moringlane Ruiz, el Fondo de Fianza Notarial del Colegio de Puerto Rico y su aseguradora (recurridos–demandados).

En apretada síntesis, la parte peticionaria advino como cotitulares de una finca de 2 cuerdas de terreno ubicada en el Bo. Tejas en Humacao, P.R., a título hereditario de sus padres Juan Rodríguez Rojas y Gerardina Colón Cuadrado, ambos fallecidos. Mediante Declaratoria de Herederos la parte peticionaria reclamó el 50% de participación sobre dicha propiedad.[5] A través de la Escritura Núm. 22 del 29 de junio de 2002, las copeticionarias[6] cedieron sus participaciones hereditarias bajo treta y engaño de la notaria Aida Luz Moringlane Ruiz y el coheredero Wilfrido Rodríguez

---

[4] Anejo 15 del *Recurso de Certiorari*, págs. 43 – 60.

[5] Al fallecimiento de Gerardina Colón Cuadrado la sucesión se componía de sus hijos y esposo; a saber: Manuel Ángel Rodríguez Colón, Anastacio Rodríguez Colón (fallecido), Dolores Rodríguez Colón, Blanca I. Rodríguez Colón, Luz E. Rodríguez Colón, Wilfrido Rodríguez Colón, Israel Rodríguez Colón; y su esposo, Juan Rodríguez Colón. Anejo 15 del Recurso de *Certiorari*, pág. 47.

[6] Sandra Rodríguez Maldonado, Zulma Rodríguez Maldonado, María Rodríguez Maldonado y Gloria Rodríguez Maldonado. Anejo 15 del Recurso de *Certiorari*, pág. 47.

Colón con la promesa de un pago que no se concretó. A su vez, el otro 50% de la finca fue donado en las Escrituras Número 27[7] y 28[8] sobre Donación y Aceptación otorgadas fraudulentamente el 5 de junio de 2004. Ante este escenario, el coheredero Wilfrido Rodríguez Colón en contubernio con la notaria Moringlane Ruiz logró obtener pleno dominio unilateral de la finca e impidiendo que la parte peticionaria puedan hacer uso y disfrute de la misma.[9]

Oportunamente, los demandados-recurridos contestaron la demanda.[10] Así, se inició el descubrimiento de prueba en la que la parte peticionaria presentó el **11 de julio de 2022** una *MOCIÓN EN TORNO A DESCUBRIMIENTO DE PRUEBA Y EN SOLICITUD DE ORDEN PROTECTORA A TENOR CON LA REGLA 23 DE PROCEDIMIENTO CIVIL.*[11] En la aludida moción, solicitó una orden protectora a favor de la codemandante Sandra Rodríguez Maldonado, ya que ésta estaba imposibilitada de contestar un interrogatorio y el requerimiento de admisiones por limitaciones mentales y cognoscitivas que no le permiten leer ni escribir.

Por otra parte, el **6 de julio de 2022** los recurridos-demandados Wilfrido Rodríguez Colón, Elizabeth López y Luz Esther Rodríguez Colón presentaron una *MOCIÓN URGENTE.*[12] Alegaron que, el 30 de junio de 2022 se recibió un correo electrónico de la nieta de la codemandante Dolores Rodríguez Colón,[13] en la cual

---

[7] **Donante**: Juan Rodríguez Rojas. **Donatarios**: Anastacio Rodríguez Rivera, Dolores Rodríguez Colón, Manuel Ángel Rodríguez Colón, Blanca I. Rodríguez Colón, Luz E. Rodríguez Colón y Wilfrido Rodríguez Colón como apoderado de Israel Rodríguez Colón.

[8] **Donantes**: Anastacio Rodríguez Rivera, Dolores Rodríguez Colón, Manuel Ángel Rodríguez Colón, Blanca I. Rodríguez Colón, Luz E. Rodríguez Colón e Israel Rodríguez Colón. **Donatario**: Wilfrido Rodríguez Colón.

[9] Anejo 15 del Recurso de *Certiorari*, págs.48– 52.

[10] Anejo 18 del *Recurso de Certiorari*, págs. 76 – 84.; Anejo 19 del *Recurso de Certiorari*, págs. 85 – 95.; Anejo 20 del *Recurso de Certiorari*, págs. 96 – 100.; Anejo 21 del *Recurso de Certiorari*, págs. 101 – 110.; Anejo 22 del *Recurso de Certiorari*, págs. 111 – 119.

[11] Anejo 31 del *Recurso de Certiorari*, págs. 144 – 146.

[12] Anejo 29 del *Recurso de Certiorari*, págs. 137 – 139.

[13] *Id.*, en la pág. 139.

indicó que el abogado de la parte peticionaria no tenía autorización para representarla en este caso.

La parte peticionaria replicó el **7 de julio de 2022**.[14] En resumen, alegó que se comunicó con la hija de la codemandante Dolores Rodríguez Colón, la Sra. Doris Rojas, y ésta le informó que su madre había cambiado de parecer y ya **no quería ser parte del pleito**.

Así las cosas, el **14 de julio de 2022** se celebró una Vista Transaccional mediante videoconferencia.[15] Surge de la *Minuta* que, se planteó el deseo de la codemandante Dolores Rodríguez Colón de no continuar en el pleito. También, se planteó la incapacidad de la codemandante Sandra Rodríguez Colón. Atendido los argumentos, el TPI manifestó que la señora Dolores Rodríguez Colón era parte indispensable en el pleito, razón por la cual debía continuar en el pleito. En cuanto al problema de capacidad de la señora Sandra Rodríguez Maldonado, se le solicitó al TPI una evaluación para determinar la necesidad de un defensor judicial bajo la Regla 15.2 de Procedimiento Civil.[16]

Así, se llevó a cabo la vista sobre el estado de los procedimientos del **4 de agosto de 2022**. Estuvieron presentes mediante videoconferencia todas las partes incluyendo la señora Dolores Rodríguez Colón.[17] Luego de varias preguntas, el TPI manifestó que la señora Dolores Rodríguez Colón debía permanecer en el pleito como parte demandada, ya que no deseaba ser parte en el pleito.

Cónsono con el asunto atendido en la vista, el **3 de octubre de 2022** la parte peticionaria presentó *MOCIÓN EN SOLICITUD DE ENMIENDA A LA DEMANDA Y SOLICITUD DE EMPLAZAMIENTO POR*

---

[14] Anejo 30 del *Recurso de Certiorari*, págs. 140 – 143.
[15] Anejo 32 del *Recurso de Certiorari*, págs. 147 – 149.
[16] Regla 15.2 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 15.2.
[17] Anejo 34 del *Recurso de Certiorari*, págs. 155 – 156.

*EDICTO A PERSONA NO DOMICILIADA*.[18] En resumen, la parte peticionaria informó que, solicitó la renuncia a la representación legal de la codemandante Dolores Rodríguez Colón, vía correo certificado a la dirección postal: *809 W. 6ht. St. Kewanee, Illinois 61443*, sin embargo, la misma fue devuelta al no ser reclamada.[19] Por lo cual, le requirió al TPI que se le relevara de la representación legal de la codemandante, permitiera enmendar la demanda a los fines de realinearla como parte demandada, y autorizara su emplazamiento por edicto, dado que su domicilio no estaba en Puerto Rico.

En la misma fecha, **3 de octubre de 2022** y notificada el 4 del mismo mes y año, el TPI autorizó a la parte peticionaria a enmendar la demanda para que la señora Dolores Rodríguez Colón fungiera ahora como parte demandada; se emplazara la misma por edictos y, además, relevó al abogado de la parte peticionaria de la representación legal de ésta.[20]

Efectivamente, el **21 de octubre de 2022**, la parte peticionaria presentó una *MOCIÓN INFORMATIVA EN CUMPLIMIENTO CON LA REGLA 4.6 DE PROCEDIMIENTO CIVIL*.[21] En la cual, informó haber emplazado por edictos a la señora Dolores Rodríguez Colón como parte demandada. El **25 de octubre de 2022**,[22] el TPI notificó haberse enterado del mismo.[23]

Después de varias incidencias procesales, el **13 de enero de 2023** se celebró una vista con el propósito de auscultar el nombramiento de un Defensor Judicial para la codemandante Sandra Rodríguez Maldonado.[24] En dicha vista no estuvo presente

---

[18] Véase, *Réplica a Moción de Desestimación*, presentada ante nos el 13 de julio de 2023, Anejo 1, a las págs. 1 – 5.
[19] *Id.*, pág. 4.
[20] *Id.*, Anejo 2, a la pág. 6.
[21] *Id.*, Anejos 2 y 3, a las págs. 8 – 9.
[22] Notificada el 25 de octubre de 2022.
[23] Véase, *Réplica a Moción de Desestimación*, presentada ante nos el 13 de julio de 2023, Anejo 4, a la pág. 10.
[24] Véase, el Anejo 36 del *Recurso de Certiorari*, págs. 160 – 163.

la codemandada Dolores Rodríguez Colón, por lo que la parte peticionaria solicitó y obtuvo del TPI la anotación de rebeldía sobre la codemandada.[25] Por otro lado, la señora Sandra Rodríguez Maldonado se negó a comparecer a la vista pero su hermana, la señora Zulma Rodríguez Maldonado se presentó y brindó detalles sobre la condición de salud de la codemandante.

En lo referente a la capacidad de la codemandante Sandra Rodríguez Maldonado, el **6 de febrero de 2023** la parte peticionaria presentó una *MOCIÓN AFIANZANDO SOLICITUD DE DEFENSOR JUDICIAL Y/O MEDIDAS CAUTELARES AL AMPARO DE LA REGLA 15.2(B) DE PROCEDIMIENTO CIVIL.*[26] En síntesis, solicitó el nombramiento de un defensor judicial para la codemandante Sandra Rodríguez Colón, quien desde su nacimiento no contaba con las capacidades cognoscitivas y mentales, por lo que no aprendió a leer ni escribir ni entiende el proceso judicial.

Surge del expediente, que el TPI emitió una *Resolución* notificada el **15 de febrero de 2023** asignando un Defensor Judicial a la codemandante, Sandra Rodríguez Maldonado. En lo pertinente expresó:

> *LUEGO DE EVALUADA LA PETICIÓN DE LA PARTE DEMANDANTE EN CUANTO A LA DESIGNACIÓN DE UN DEFENSOR JUDICIAL A LA PARTE CO-DEMANDANTE SANDRA RODRÍGUEZ MALDONADO, EVALUADA LA TOTALIDAD DE LAS CIRCUNSTANCIAS Y EN ÁNIMO DE PROTEGER LA INTEGRIDAD EMOCIONAL DE UNA PERSONA CON ALGÚN CASO ALEGADO DE INCAPACIDAD, ESTE TRIBUNAL LE ASIGNARÁ UN DEFENSOR JUDICIAL CONFORME LA REGLA 15.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO A LA CO-DEMANDANTE SANDRA RODRÍGUEZ MALDONADO.*[27]

Así, pues, el **14 de febrero de 2023**,[28] se asignó al Lcdo. Daniel Molina López (Lcdo. Molina López) como defensor judicial de la codemandante Sandra Rodríguez Maldonado.[29] En contrario, el

---

[25] *Id.*, pág. 160.
[26] Véase, Anejo 40 del Apéndice de *Certiorari*, págs. 168 - 179.
[27] Véase, Anejos 5 del Apéndice de *Certiorari*, pág. 19.
[28] Notificada 16 de febrero de 2023.
[29] Anejo 6 del *Recurso de Certiorari*, págs. 20 – 21.

Lcdo. Molina López solicitó que se le relevara de la representación legal de la incapaz,[30] ya que su área de especialidad y desempeño era la litigación corporativa; además, no tenía experiencia como defensor judicial de incapaces. Sin embargo, el TPI no acogió la solicitud y le indicó que la designación era como defensor judicial, no de abogado.[31] En ese sentido, el **6 de marzo de 2023**,[32] foro *a quo* reiteró que la designación del licenciado era como defensor judicial para cubrir la capacidad de la alegada incapaz.[33]

El **15 de marzo de 2023**, el Lcdo. Molina López presentó *MOCIÓN SOLICITANDO MEDIDAS CAUTELARES*.[34] En síntesis, expresó que, como defensor judicial y para proteger los interés de la señora Sandra Rodríguez Maldonado, era necesario que se le relevara y se emitieran las siguientes medidas: **(1)** emitir una orden para que la codemandantes, hermanas de Sandra Rodríguez Colón, presenten una solicitud de declaración de incapaz de ésta y el nombramiento de un tutor en propiedad; **(2)** la paralización de los procesos del TPI hasta la designación del tutor en propiedad; y **(3)** la concesión un lapso de tiempo para que el tutor designado pueda contratar un abogado.

El **16 de marzo de 2023**, la parte peticionaria presentó una moción intitulada *BREVE RÉPLICA EN TORNO A MOCIÓN DE MEDIDAS CAUTELARES*.[35] En resumen, adujeron que la solicitud para la designación en propiedad de un tutor demostraba el desconocimiento en cuanto a la figura del defensor judicial *"ad liten"*. Añadieron que, ante las reiteradas solicitudes del Lcdo. Molina López anunciando su indisponibilidad, se le permitiera renunciar.

---

[30] Anejo 8 del *Recurso de Certiorari*, págs. 30 – 32.
[31] Anejo 10 del *Recurso de Certiorari*, pág. 35.
[32] Notificada el 7 de marzo de 2023.
[33] Anejo 11 del *Recurso de Certiorari*, pág. 37.
[34] Anejo 4 del *Recurso de Certiorari*, págs. 11 – 18.
[35] Anejo 13 del *Recurso de Certiorari*, págs. 39 – 40.

El **16 de abril de 2023**, la codemandada Aida Luz Moringlane Ruiz presentó un escrito *CUMPLIMIENTO DE ORDEN EN CUANTO A MEDIDAS CAUTELARES*, en la que se unió a la solicitud del Lcdo. Molina López para que se paralizara el pleito hasta que se nombrara un tutor en propiedad.[36]

Evaluada la solicitud del defensor judicial y la posición de las partes, el TPI emitió una *Resolución* el **17 de abril de 2023**,[37] en la que paralizó los procesos hasta que la parte peticionaria-demandante presente una determinación judicial sobre la incapacidad de la codemandante Sandra Rodríguez Maldonado y su correspondiente carta tutelar.[38] En lo pertinente indicó:

> *ANTE LA ALEGACIÓN DE LA PARTE DEMANDANTE SOBRE LA CONDICIÓN MENTAL E INCAPACIDAD DE LA SEÑORA SANDRA RODRÍGUEZ Y COMO MEDIDA PREVENTIVA, ANTE LA SOLICITUD DE SU DEFENSOR JUDICIAL, PARA PROTEGER CUALQUIER INTERÉS DE ESTA SE ORDENA LA PARALIZACIÓN DEL PRESENTE CASO HASTA TANTO SE PRESENTE UNA DETERMINACIÓN JUDICIAL SOBRE LA INCAPACIDAD DE ESTA Y SU CORRESPONDIENTE CARTA TUTELAR.*

Dicho dictamen fue objeto de una *Moción de Reconsideración*,[39] sin embargo, la misma fue declarada *No Ha Lugar* por el TPI el **2 de mayo de 2023**.[40] En lo pertinente señaló:

> *[…] EL TRIBUNAL TIENE SERIAS INTERROGANTES SOBRE LA CAPACIDAD DE LA DEMANDANTE PARA PODER CONSENTIR A LA PRESENTACIÓN DE LA DEMANDA E INCLUSIVE CONTRATAR LA REPRESENTCIÓN LEGAL, BASADO EN LA PROPIAS ALEGACIONES DE LA DEMANDA.*

Inconforme, el **30 de mayo de 2023** la parte peticionaria recurrió ante nos en el presente recurso de *certiorari* y señaló que el TPI incidió de las siguientes maneras:

> *Erro [sic] el TPI al no relevar al defensor judicial designado a pesar de este haberle advertido su total desconocimiento sobre la materia para la cual había sido designado. [sic]*
>
> *Erro [sic] el TPI al adoptar como suyas las medidas cautelares solicitadas por el defensor judicial y paralizar los procedimientos judiciales ordenando la radicación de un procedimiento de incapacidad y tutela y una vez resuelto y*

---

[36] Anejo 14 del *Recurso de Certiorari*, págs. 41 – 42.
[37] Notificada el 18 del mismo mes y año.
[38] Anejo 3 del *Recurso de Certiorari*, pág. 10.
[39] Anejo 2 del *Recurso de Certiorari*, págs. 3 – 9.
[40] Notificada 3 de mayo de 2023. Anejo 1 del *Recurso de Certiorari*, pág. 2.

*haberse designado un tutor reiniciar los procedimientos ante si. [sic]*

Atendido el recurso legal epígrafe, el **5 de junio de 2023** emitimos una *Resolución* mediante la cual concedimos a las partes 10 días para notificar razón por la cual no se deba expedir el auto de *certiorari*. Luego de algunas incidencias procesales, el **14 de junio de 2023** el defensor judicial de la señora Sandra Rodríguez Maldonado compareció ante este foro apelativo mediante el escrito *OPOSICIÓN A LA EXPEDICIÓN DEL AUTO DE CERTIORARI*. Además, el **20 de julio de 2023** compareció la corecurrida Aida Luz Moringlane Ruíz, en escrito *OPOSICIÓN A EXPEDICIÓN DEL AUTO DE CERTIORARI Y SUSCRIBIENDO LA TOTALIDAD DE LAS ALEGACIONES DEL DEFENSOR JUDICIAL.*

Por su parte, el **29 de junio de 2023** los corecurridos Wilfrido Rodríguez Colón, Elizabeth Torres López y Luz Esther Rodríguez Colón comparecieron en un escrito *SOLICITUD DE DESESTIMACIÓN POR FALTA DE JURISDICCIÓN*. En resumen, alegaron que este foro apelativo carecía de jurisdicción ante el incumplimiento de los peticionarios con la Regla 33 (B) del Reglamento del Tribunal de Apelaciones,[41] ya que la codemandada en rebeldía, la señora Dolores Rodríguez Colón no fue notificada del recurso de epígrafe.

En respuesta, el **13 de julio de 2023** la parte peticionaria presentó *REPLICA A MOCIÓN DE DESESTIMACIÓN*. En síntesis, admitió que no notificó el recurso epígrafe a la codemandada Dolores Rodríguez Colón, pero alegó que dicha omisión no constituye fundamento suficiente para desestimar el presente recurso legal. Añadió, que el foro recurrido luego de anotar la rebeldía a ésta, no le notificó de las resoluciones a la codemandada en rebeldía que

---

[41] Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33 (B).

emitió en los procesos, por lo cual los términos para la revisión de la resolución recurrida no habían comenzado a decursar.

El **14 de julio de 2023**, los corecurridos Wilfrido Rodríguez Colón, Elizabeth Torres López y Luz Esther Rodríguez Colón presentaron *DUPLICA A R[É]PLICA A MOCIÓN DE DESESTIMACIÓN*. En síntesis, manifestaron que la resolución que paralizó los procesos ante el TPI es interlocutoria y no un dictamen final que tuviera que ser notificado a la codemandada Dolores Rodríguez Colón.

-II-

-A-

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[42] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[43]

Por su parte, la Regla 52.1 de Procedimiento Civil,[44] delimita las instancias en que este foro habrá de atender y revisar mediante *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari*

---

[42] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al*, 201 DPR 703, 711 (2019).; *IG Builders et al. V. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[43] *García v. Asociación*, 165 DPR 311, 321 (2005).
[44] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 52.1.

*en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[45]

Con el objetivo de que podamos ejercer de una manera prudente la facultad discrecional que se nos ha delegado para entender o no en los méritos del asunto esbozado en este recurso, nuestros oficios se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones.[46]

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [47]

Por lo que, al tener discreción judicial para expedir o denegar el auto de *certiorari*, Nuestro Tribunal Supremo ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[48]

**-B-**

Las Reglas de Procedimiento Civil establecen como se deben notificar las órdenes, resoluciones y sentencias.[49] Específicamente, la Regla 65.3 de Procedimiento Civil en sus incisos (a) y (b) dispone la forma en que el Secretario del Tribunal notificará una orden, resolución o sentencia a las partes comparecientes en un pleito:

---

[45] *Id.*
[46] 4 LPRA Ap. XXII-B, R.40.
[47] *Id.*
[48] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[49] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V.

(a) *Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una **orden**, **resolución** o **sentencia**, el Secretario o la Secretaria notificará tal archivo en la misma fecha a **todas** las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.*

(b) *El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de este apéndice, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.[50]*

Los incisos (a) y (b) de la Regla 65.3 antes citada, está diseñada para las partes que comparecen en el pleito. Ahora, en lo que respecta a la controversia que nos ocupa, la Regla 65.3 (c) de Procedimiento Civil,[51] distingue el caso de partes en rebeldía cuando hayan comparecido en autos o cuando nunca hayan comparecido. Veamos el primer caso:

(c) ***En el caso de partes en rebeldía que hayan comparecido en autos***, *el Secretario o Secretaria le notificará toda **orden**, **resolución** o **sentencia** a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. […].[52]*

Nótese, que lo antes dicho está pensado para un caso en que cualesquiera de las partes **[demandante o demandado]** en rebeldía haya comparecido en autos. Lo cual, obliga al Secretario del Tribunal a notificarle de *toda **orden**, **resolución** o **sentencia** a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones*.

Por otra parte, la misma Regla 65.3(c) atiende el caso de una parte demandada en rebeldía que fue emplazada por edicto y que

---

[50] 32 LPRA Ap. V., R. 65.3 (a)(b). Énfasis nuestro.
[51] 32 LPRA Ap. V., R. 65.3 (c).
[52] *Id.* Énfasis nuestro.

nunca haya comparecido en autos o de partes demandadas desconocidas:

> *... [E]n el caso de partes en rebeldía, que hayan sido emplazadas por edictos y que nunca hayan comparecido en autos o de partes demandadas desconocidas*, *el Secretario o Secretaria expedirá un aviso de notificación de* ***sentencia*** *por edictos para su publicación por la parte demandante. [...]Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado. [...]. [53]*

Surge de la referida Regla 65.3 (c) que, las partes demandadas antes dicha, el Secretario del Tribunal vendrá obligado a notificar únicamente la Sentencia, y lo hará por edictos.

Por su parte, la Regla 67.1 de Procedimiento Civil,[54] esboza sobre cuándo se requiere la notificación de los escritos. Dicha regla enuncia lo siguiente:

> *Toda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.*
> ***No será necesario notificar a las partes en rebeldía por falta de comparecencia****, **excepto** que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificará en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.[55]*

La aludida Regla 67.1 obliga tanto al tribunal como a las partes, a notificar toda orden o escrito respectivamente. Nótese, que la parte en rebeldía por falta de comparecencia; es decir, que nunca compareció, no hay la obligación de notificarle la orden del tribunal o el escrito de la parte, excepto, cuando se trata de remedios nuevos o adicionales contra dicha parte rebelde.

Nuestro Alto Foro Judicial esbozó en el caso *Banco Popular v. Andino Solís,* 192 DPR 172 (2015) sobre la mencionada Regla 67.1 que: *"**[c]uando una parte fue debidamente emplazada y no compareció**, no es necesario que se le notifique **toda alegación** subsiguiente a la demanda original. ... [S]in embargo, **cuando la**

---

[53] *Id.* Énfasis nuestro.
[54] 32 LPRA Ap. V., R. 67.1.
[55] *Id.* Énfasis nuestro.

*parte comparece* se deben enviar **todas las notificaciones** correspondientes, aun cuando se le haya anotado la rebeldía".[56]

**-C-**

Como norma general, en nuestro sistema de derecho existe una presunción de capacidad.[57] Ahora, cuando se alegue la falta de capacidad —absoluta o parcial— de una persona mayor de edad o de un menor emancipado, se puede solicitar su incapacitación.[58] La misma puede ser solicitada por *"[e]l cónyuge, siempre que convivan a la fecha de la solicitud; los progenitores; y, en todos los casos, cualquier pariente con plena capacidad de obrar que tenga derecho a sucederle o el defensor judicial que el tribunal designe"* para ese fin.[59] De su parte, el Ministerio Público deberá solicitar la declaración de incapacitación:

> *(a) cuando le sea requerido por alguna persona con interés en el bienestar y la seguridad personal del menor o del alegado incapaz, si las personas llamadas a hacerlo no inician oportunamente el procedimiento;*
> *(b) cuando se trata de una persona que representa un peligro para su propia seguridad física o para la de otras personas;*
> *(c) cuando no se conoce o no existe ninguna de las personas mencionadas en el artículo precedente; y*
> *(d) cuando el heredero del alegado incapaz es menor de edad o carece de la capacidad de obrar necesaria para comparecer en juicio.[60]*

Una vez se alegue la falta de capacidad de un mayor de edad o de un menor emancipado, el tribunal deberá evaluar su estado mental y, si así lo determina y encuentra conveniente, puede designar un defensor judicial.[61]

En ese sentido, un defensor judicial es *"un tutor especial si se quiere, nombrado [por el tribunal] para que represente a un incapacitado o a un menor en un pleito en específico".*[62] Es decir, es

---

[56] *Banco Popular v. Andino Solís,* 192 DPR 172, 180 (2015) citando a *Alamo v. Supermercado Grande, Inc.,* 158 DPR 93, 105 esc. 9 (2002). Énfasis nuestro.
[57] 31 LPRA sec. 5601.; *Rivera y otros v. Bco. Popular,* 152 DPR 140, 157 (2000).
[58] Artículo 110 del *Código Civil de Puerto Rico de 2020,* 31 LPRA sec. 5631.
[59] *Id.*
[60] Artículo 111 del *Código Civil de Puerto Rico de 2020,* 31 LPRA sec. 5632.
[61] *Rivera y otros v. Bco. Popular, supra,* pág. 159.
[62] *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 486 (2019), citando en aprobación a *Crespo v. Cintrón,* 159 DPR 290, 300 (2003); *R & G Premier Bank PR v. Registradora,* 158 DPR 241, 248 (2002); *Rivera y otros v. Bco. Popular,* 152 DPR

el nombramiento del defensor judicial es *ad litem*. Este nombramiento procede en virtud del *parens patriae* que ostenta el Estado, cuyo objetivo principal es asegurar el bienestar de los menores o incapacitados.[63] Por ello, el defensor judicial está facultado a levantar aquellos planteamientos que entienda procedentes y pertinentes a favor y en beneficio del incapacitado al que representa.

Cónsono con lo antes dicho, la Regla 15.2 de Procedimiento Civil,[64] "[r]*econoce la facultad de los tribunales para nombrar un defensor judicial que represente a un menor de edad o a una persona incapacitada judicialmente en una causa de acción cuando lo juzgue conveniente o esté dispuesto por ley*".[65] En lo pertinente a nuestra controversia, la citada Regla 15.2 en el inciso (a) dispone:

> **Regla 15.2. Menores y personas incapacitadas**
> *(a) Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. <u>Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley</u>.*
> *(b) En los casos previstos en la última oración de la Regla 4.4(c),[66] y en la Regla 22.2,[67] el tribunal determinará sobre el estado mental de la parte y si es conveniente y procede el nombramiento de un defensor o una defensora judicial.*

Nótese, el inciso (a) de la referida regla contempla que, si la capacidad de una persona está restringida por alguna condición, ya sea minoría de edad, demencia, prodigalidad, o cualquier otra,

---

140, 159 (2000) y *Fernández Martínez v. Tribunal Superior*, 89 DPR 754, 758 (1964).

[63] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019).; *Crespo v. Cintrón*, 159 DPR 290, 300 (2003).; *R & G Premier Bank PR v. Registradora*, 158 DPR 241, 248 (2002).

[64] 32 LPRA Ap. V, R.15.2.

[65] *Crespo v. Cintrón, supra.*; *Rivera Marrero v. Santiago Martínez, supra*, en la pág. 489.

[66] La Regla 4.4 inciso (c) le impone a la parte demandante, a su abogado o a la persona que diligencie el emplazamiento, el deber de notificar al tribunal cuando tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, para que el tribunal proceda de acuerdo con lo dispuesto en la Regla 15.2(b). 32 LPRA Ap. V, R. 4.4 (c).

[67] La Regla 22.2 de Procedimiento Civil esboza que si una parte queda incapacitada, previa moción, el tribunal podrá permitir que el pleito continúe por o contra su defensor judicial. 32 LPRA Ap. V, R. 22.2.

queda a discreción del tribunal —si es conveniente y procede— nombrarle un defensor judicial.[68] Bajo ese criterio de conveniencia, el tribunal tiene la discreción de establecer cualquier otra medida para proteger los intereses de la parte incapacitada, a la vez que procura que el caso sea resuelto de una manera justa, rápida y económica.[69]

Distinto al nombramiento *ad litem* del defensor judicial, el nombramiento del tutor abarca una gama mayor de responsabilidades de tutela sobre la persona incapaz. El artículo 122 del Código Civil de Puerto Rico,[70] define y establece el objeto de la tutela.

> ***Artículo 122. — Tutela; definición y objeto.***
> *La tutela confiere a una persona natural o jurídica la autoridad para representar y asistir a otra que, sin estar sujeta a la patria potestad, tiene restringida la capacidad de obrar por razón de su minoridad o por las causas que declara la ley.*
> *La tutela tiene por objeto la guarda y la representación de la persona incapaz y la administración de sus bienes, o solamente la administración de los bienes, según las limitaciones que determina la sentencia y las exigencias del régimen tutelar al que queda sometida.*
> *Las funciones tutelares constituyen un deber, se ejercen en beneficio del tutelado y están bajo la salvaguarda de la autoridad judicial.*[71]

De igual forma, el Código Civil,[72] dispone quien puede ser llamado tutor del incapaz mayor de edad.[73] La designación se hará en el orden de preferencia asignada por el Código y en atención al interés óptimo del incapaz.[74]

Una vez se nombra a una persona tutor, éste representa al tutelado en <u>todos</u> los actos jurídicos que requieran su consentimiento, exceptuando los que dispone la ley o la sentencia

---

[68] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 489 (2019); *Rivera y otros v. Bco. Popular, supra*, pág. 159.

[69] Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

[70] 31 LPRA sec. 5661.

[71] *Id.*

[72] Ley Núm. 55 de 1 de junio de 2020, según enmendado, conocida *Código Civil de Puerto Rico de 2020*, 31 LPRA sec. 5311 *et seq.*

[73] 31 LPRA sec. 5683.

[74] *Id.*

de incapacitación.[75] Según impone el Código Civil en su Artículo 158,[76] el tutor tiene que cumplir con las siguientes obligaciones;

> *(a) ejercer la tutela con la diligencia propia de una persona prudente y razonable que exijan las circunstancias particulares de su cargo;*
> *(b) rendir cuentas periódicas sobre el desarrollo de su gestión en el plazo y condiciones que ordena la sentencia;*
> *(c) alimentar y educar al tutelado, con arreglo a su condición y con estricta sujeción a las disposiciones de los progenitores o a las que, a falta de ellas, ha adoptado el tribunal;*
> *(d) en el caso de menores de edad, corregirlos y disciplinarlos moderadamente;*
> *(e) procurar, por cuantos medios proporciona la fortuna del incapaz, que este adquiera su plena capacidad de obrar o la recobre, se rehabilite de la dependencia o trastorno emocional o físico que lo sujeta a la tutela y logre su mejor inserción en la sociedad;*
> *(f) dirigir y asistir a la persona que hará el inventario y el avalúo de los bienes a que se extiende la tutela, dentro del plazo que señale el tribunal; y*
> *(g) rendir las cuentas periódicas y las finales, al terminar el cargo.[77]*

Además de las obligaciones esbozadas, el tutor tiene los siguientes deberes con su tutelado:

> *(a) someterlo al tratamiento que requiere su condición;*
> *(b) darle una carrera u oficio determinado, si ello no ha sido ordenado por los progenitores;*
> *(c) procurar los rendimientos propios del patrimonio y colocarlos en inversiones seguras, después de cubrir las obligaciones de la tutela;*
> *(d) proceder a la división de la herencia o de otros bienes que el tutelado posea en común con otros titulares;*
> *(e) iniciar en nombre y en representación del tutelado toda acción legal en la que el tutor no tenga intereses encontrados; y*
> *(f) realizar cualquier gestión que convenga al interés óptimo del tutelado y que agilice la atención de sus asuntos personales y económicos.*
> > *Estas actuaciones están sujetas a las limitaciones que la ley dispone y a las medidas de control que establezca el tribunal. En caso de duda sobre el alcance de la gestión, la actuación del tutor se entiende limitada a los actos propios de un administrador.[78]*

**-III-**

Esbozado el derecho aplicable, atendamos las controversias planteadas ante nos.

En **primer orden**, debemos atender una cuestión jurisdiccional sobre la falta de notificación de las resoluciones del

---

[75] 31 LPRA sec. 5721; *Véase, ASR v. Ex Parte Proc. Rel. Fam.*, 196 DPR 944, 952 (2016).
[76] 31 LPRA sec. 5723.
[77] 31 LPRA. sec. 5723.
[78] 31 LPRA sec. 5729.

TPI, y del presente recurso legal, a la codemandada en rebeldía, Dolores Rodríguez Colón.

Surge del expediente, que al inicio del pleito la señora Dolores Rodríguez Colón compareció como parte demandante, sin embargo, el 4 de agosto de 2022 expresó que no deseaba continuar como parte del pleito. Ante esto, el TPI expresó que se trataba de una parte indispensable en el pleito y debía ser traída como parte demandada.

Así, la parte peticionaria conocía que la dirección residencial de la codemandada era en el estado de Illinois, por lo que se emitió y diligenció emplazamiento por edicto —incluso copia de la demanda se le envió a través de correo certificado con acuse de recibo a la dirección de *809 W. 6ht. St. Kewanee, Illinois 61443*— y no fue reclamada ni contestada. En consecuencia, el 13 de enero de 2023 se le anotó rebeldía a la codemandada Dolores Rodríguez Colón por no comparecer a los procesos.

A tono con lo antes dicho y el derecho esbozado, no hay duda de que la señora Dolores Rodríguez Colón **nunca ha comparecido como parte demandada en este pleito**, razón por la cual la parte peticionaria no está obligada a notificarle el presente recurso de *certiorari* a la codemandada. De igual modo, tampoco el TPI está obligado de notificarle la *Resolución* interlocutoria recurrida. Razón por la cual, contamos con jurisdicción para atender esta controversia.

En **segundo orden**, la parte peticionaria señala —en síntesis— que el TPI erró al adoptar las medidas cautelares solicitadas por el defensor judicial para paralizar procesos judiciales hasta tanto se celebre un procedimiento de incapacidad y tutela de la codemandante Sandra Rodríguez Maldonado. Tiene razón. Explicamos.

Primeramente, para todos los efectos prácticos la Resolución recurrida relevó al licenciado Molina López de su nombramiento

como defensor judicial de la incapaz, Sandra Rodríguez Maldonado en este pleito. Ello en contravención a la normativa de que al nombrar un defensor judicial el caso sea resuelto de una manera justa, rápida y económica.[79]

En segundo lugar, la paralización y orden para que se nombre un tutor a la señora Sandra Rodríguez Maldonado no resulta razonable cuando ya, el TPI determinó que es una persona incapaz de velar por sus intereses en este pleito, y le nombró al licenciado Molina López como su defensor judicial que, precisamente tiene la obligación de velar por dichos intereses.

En tercer lugar, el licenciado Molina López fue nombrado defensor judicial por el TPI y se le indicó que debía continuar con esta obligación, a pesar de que su práctica es en el ámbito corporativo. No obstante, la figura del defensor judicial no conlleva un conocimiento técnico o complicado que el licenciado Molina no pueda ejecutar. Como es sabido el defensor judicial está facultado a levantar aquellos planteamientos que entienda procedentes y pertinentes a favor y en beneficio del incapacitado al que representa. A eso, fue asignado el licenciado Molina López en este caso. Independiente de su *expertis* laboral, en este proceso le corresponde velar los intereses de la señora Sandra Rodríguez Maldonado referente a este litigio. En ese sentido, no vemos excusa alguna para que el licenciado Molina cumpla con su deber. Advertimos que el Canon 1 del Código de Ética Profesional establece como obligación fundamental de todo abogado luchar continuamente para garantizar que toda persona tenga acceso a la representación capacitada, íntegra y diligente de un miembro de la profesión legal.[80]

Evaluada la totalidad del expediente, la *Resolución* recurrida y el derecho aplicable, es forzoso concluir que el TPI incidió al

---

[79] Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. V.
[80] 4 LPRA Ap. IX.

paralizar los procesos pese a haber nombrado un defensor judicial que protegerá y velará los intereses de la incapaz Sandra Rodríguez Maldonado. Como bien mencionamos, en los procesos se busca la solución, justa, rápida y económica de los procesos. En este caso, la paralización de los procesos no es la solución adecuada, cuando ya se ha nombrado un defensor judicial.

A tenor con lo expuesto, se expide el auto de *certiorari* y se revoca la Resolución recurrida.

**-IV-**

Por lo fundamentos antes expuestos, se **expide** el *certiorari* epígrafe y se **revoca** la *Resolución* del TPI. Se ordena la continuación de los procedimientos sin más dilaciones, conforme a lo aquí resuelto.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones