Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| FORD INVESTMENT LLC<br><br>*Recurrido*<br><br>v.<br><br>JUANITA DONATO RODRÍGUEZ Y OTROS<br><br>*Demandados*<br><br>**YADIRA SOTO LABOY Y MIGUEL LÓPEZ**<br><br>*Peticionarios* | KLCE202400590 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV07377 (807)<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparecen ante nos la señora Yadira Soto Laboy (señora Soto Laboy) y el señor Miguel López (señor López) (en conjunto, parte peticionaria), mediante *Solicitud de Certiorari* presentada el 28 de mayo de 2024. En esta, solicitan la revisión de la *Orden* emitida y notificada el 21 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario o TPI). Mediante el aludido dictamen, el foro primario declaró no ha lugar la solicitud de relevo de sentencia y levantamiento de la anotación de rebeldía presentada por la parte peticionaria.

El 7 de marzo de 2024, la parte peticionaria presentó una *Solicitud de Reconsideración,* la cual fue declarada no ha lugar mediante *Resolución* emitida el 25 de abril de 2024 y notificada el 26 de abril de 2024.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen impugnado.

Número Identificador
SEN2024_____

**I.**

Conforme surge del expediente apelativo, el 17 de agosto de 2022, Ford Investment, LLC (Ford Investment o parte recurrida) presentó una *Demanda*[1] sobre desahucio contra la señora Juanita Donato Rodríguez (señora Donato Rodríguez). En esencia, alegó que la señora Donato Rodríguez reside sin autorización ni consentimiento en una propiedad de la parte recurrida ubicada en la Avenida Manuel Fernández Juncos en San Juan, Puerto Rico. Añadió que ha solicitado a la señora Donato Rodríguez que abandone la propiedad, pero esta última se ha negado. Como remedio, la parte recurrida solicitó el desalojo y/o lanzamiento de la propiedad.

Posteriormente, el 28 de febrero de 2023, el TPI celebró una vista mediante videoconferencia. De la Minuta de la vista se desprende lo siguiente:

> Iniciados los procedimientos, el tribunal manifiesta que, en la mañana de hoy, acudió a secretaria una señora que finalmente se identificó como Yadira Soto Laboy. Dejó su correo electrónico: ysoto2149@gmail.com. Hasta el momento, la señora Soto Laboy no se ha comunicado, ni se [h]a conectado a la videoconferencia a pesar de que se le envió el enlace. Además, siendo las 10:44 am, su secretaria jurídica le notificó que envió un correo electrónico a la siguiente dirección: babyheroe0827@gmail.com que parece ser que es un correo electrónico de una persona que quiere ser notificado en este caso. Son las 10:47 am, caso señalado para las 10:30 am y al momento **no ha comparecido la parte demandada ni los demandados de nombres desconocidos**. No obstante, ha revisado el expediente y surge que la citación de la Sra. Juanita Donato Rodríguez se dejó en la dirección.
>
> […][2] (Énfasis nuestro).

El 14 de marzo de 2023, Ford Investment presentó una *Demanda Enmendada*[3] a los fines de incluir a la parte peticionaria como codemandada[4]. Asimismo, se incluyó como parte indispensable al Departamento de Justicia, Departamento de la

---

[1] Apéndice del recurso, págs. 1-5.
[2] Apéndice del recurso, págs. 6-7.
[3] Apéndice del recurso, págs. 8-13.
[4] Surge del expediente que la señora Soto Laboy responde también como la señora Donato Rodríguez.

Familia, Departamento de la Vivienda y al Procurador de las Personas con Impedimentos por presuntamente tratarse de codemandados con limitaciones físicas y económicas.

Luego, el 25 de abril de 2023, Ford Investment presentó una *Moción Informativa*[5] en la que indicó que el 4 de abril de 2023 la parte peticionaria había sido emplazada mediante emplazamiento personal. La dirección física y postal descrita en el documento del diligenciamiento del emplazamiento de la parte peticionaria es la siguiente: 908 Ave Fernández Juncos, San Juan Puerto Rico 00907[6].

En esta misma fecha, Ford Investment presentó otra *Moción Informativa*, la cual acompañó con una declaración jurada suscrita por el señor Víctor M. Cardona González, emplazador. En esta, adujo, entre otras cosas, que al momento de diligenciar el emplazamiento, la señora Soto Laboy respondió también al nombre de Juanita Donato Rodríguez.

El 24 de mayo de 2023, Ford Investment presentó *Moción en Solicitud de Rebeldía*[7] contra los peticionarios. Seguidamente, el 25 de mayo de 2023, notificada el 31 de mayo de 2023, el TPI emitió una *Orden*[8], en la cual declaró No Ha Lugar la solicitud de anotación de rebeldía. Además, el foro primario solicitó que se le informara si la parte peticionaria eran personas adultas mayores de sesenta (60) años y, de ser así, ordenó notificar la *Demanda* a la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA). El 9 de junio de 2023, el TPI ordenó a la OPPEA que entrevistara a la parte peticionaria y que emitiera un informe con las alternativas que se pudieran brindar[9].

---

[5] Apéndice del recurso, págs. 14-15.
[6] Apéndice del recurso, págs. 22-25.
[7] Apéndice del recurso, págs. 29-30.
[8] Apéndice del recurso, pág. 31.
[9] Apéndice del recurso, pág. 35.

El 15 de agosto de 2023, la OPPEA presentó *Moción sobre Presentación de Informe*[10] en la que indicaron haber cumplido con la orden dada por el TPI y sometieron el correspondiente informe. En este, la OPPEA indicó que, al llegar a la ubicación de la residencia de la parte peticionaria, se encontró un edificio abandonado, colaterales no conocían a la parte peticionaria e indicaron que el edificio llevaba abandonado ya hacía algún tiempo[11].

Tras varios trámites procesales, el 23 de agosto de 2023, Ford Investment presentó una *Moción en Cumplimiento de Orden y Solicitud de Anotación de Rebeldía*[12]. En su escrito, arguyó que había transcurrido en exceso el término para que la parte peticionaria compareciera en el pleito, por lo que solicitó que se procediera a anotar la rebeldía. Consecuentemente, el 23 de agosto de 2023, notificada el día siguiente, el foro primario emitió una *Orden*[13] mediante la cual le anotó la rebeldía a la parte peticionaria. Además, señaló vista en su fondo de desahucio para el 7 de septiembre de 2023.

Luego de celebrada la vista en rebeldía, el 14 de septiembre de 2023, notificada el 19 de septiembre de 2023, el foro primario emitió *Sentencia*[14] en rebeldía, en la que declaró Ha Lugar la demanda instada por Ford Investment y ordenó el desalojo de la propiedad. Además, eximió a la parte peticionaria de prestar fianza en apelación por haberse estipulado su insolvencia económica.

El 23 de octubre de 2023, Ford Investment presentó *Moción Solicitando Lanzamiento*[15], mediante la cual expuso que en el caso de epígrafe el TPI dictó *Sentencia* en rebeldía que advino final y firme. Añadió que, habiendo transcurrido los términos de rigor sin que la

---

[10] Apéndice del recurso, págs. 36-37.
[11] Apéndice del recurso, págs. 38-39.
[12] Apéndice del recurso, págs. 46-48.
[13] Apéndice del recurso, pág. 50.
[14] Apéndice del recurso, págs. 56-59.
[15] Apéndice del recurso, págs. 60-61.

parte peticionaria desalojara la propiedad inmueble, procedía el lanzamiento por la vía judicial. El 24 de octubre de 2023, el TPI ordenó el lanzamiento de la parte peticionaria[16].

El 20 de febrero de 2024, la parte peticionaria compareció ante el foro primario, mediante un escrito intitulado *Moción Urgente Asumiendo Representación Legal, Solicitando Paralización de Orden de Lanzamiento, Relevo de Sentencia y Levantamiento de Anotación de Rebeldía*[17].

El 21 de febrero de 2024, el TPI emitió y notificó *Orden*[18] en la que dispuso lo siguiente:

> Se admite la representación legal. Se suspende el lanzamiento y se ordena al Departamento de la Familia, Departamento de la Vivienda, Oficina del Procurador De Persona De Edad Avanzada y la Defensoría. de las Personas con Impedimento a proveer servicios a las personas comparecientes en la moción y a la Oficina de Alguaciles a cerciorarse de que se cumpla esta orden antes de coordinar otra fecha para el lanzamiento.
>
> Se declara no ha lugar la moción de relevo de sentencia y de relevo de anotación de rebeldía, ya que cumplió con el debido proceso de ley en el proceso de citar y emplazar a los demandados.

En desacuerdo con la determinación, el 7 de marzo de 2024, la parte peticionaria presentó una *Solicitud de Reconsideración*. Mediante *Orden*[19] emitida el 25 de abril de 2024, notificada el día siguiente, el TPI declaró sin lugar la solicitud de reconsideración.

Inconforme aún, la parte peticionaria acudió ante esta Curia mediante *Solicitud de Certiorari* y esbozó los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al declarar no ha lugar la solicitud de relevo de sentencia y de levantamiento de anotación de rebeldía presentada por las partes peticionarias, en violación a las garantías estatutarias y constitucionales del debido proceso de ley, así como a las políticas de acceso a la justicia que rigen sobre este tipo de procedimientos, y las normas que guían la discreción judicial a la hora de imponer sanciones a las partes.

---

[16] Apéndice del recurso, pág. 66.
[17] Apéndice del recurso, págs. 97-122.
[18] Apéndice del recurso, pág. 128.
[19] Apéndice del recurso, pág. 180.

2. Erró el Tribunal de Primera Instancia al declarar no ha lugar la solicitud de relevo de sentencia y de levantamiento de anotación de rebeldía presentada por las partes peticionarias, pese a que la Sentencia en Rebeldía y su Orden de Desalojo fueron promulgadas conforme al procedimiento de desahucio contemplado por el Código de Enjuiciamiento Civil, en incumplimiento con la determinación previa de tramitar el caso de autos conforme al procedimiento civil ordinario, la cual constituye la ley del caso.

3. Erró el Tribunal de Primera Instancia al declarar no ha lugar la solicitud de relevo de Sentencia y de levantamiento de anotación de rebeldía presentada por las partes peticionarias, pese a que las partes peticionarias tienen defensas fuertes en los méritos que no pudieron presentar en el caso de autos.

4. Erró el Tribunal de Primera Instancia al negarse a nombrar un defensor judicial al peticionario Miguel López que pueda auxiliar en la coordinación de los servicios que tanto necesita.

El 13 de junio de 2024, la Defensoría de las Personas con Impedimentos (DPI) compareció mediante *Alegato de la Defensoría en Cuanto a la Solicitud Certiorari*.

En esta misma fecha, Ford Investment presentó *Moción de Desestimación* y *Alegato de la Parte Recurrida*. Por su parte, el 24 de junio de 2024, la parte peticionaria compareció mediante *Oposición a Moción de Desestimación*.

Con el beneficio de la comparecencia de todas las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[20]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[21]. De ordinario, la discreción consiste

---

[20] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[21] *Íd.*

en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[22]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[23].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[24]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[25]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[26].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento, 4 LPRA XXII-B, R. 40. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[22] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[23] *Íd.*
[24] 32 LPRA Ap. V, R. 52.1.
[25] *Íd.*
[26] *Íd.*

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[27]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[28].

**-B-**

El inciso (c) de la Regla 65.3 de Procedimiento Civil[29], sobre notificación de órdenes, resoluciones y sentencias, dispone como sigue:

> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. **En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida.** En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El

---

[27] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[28] *IG Builders et al. v. BBVAPR, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[29] 32 LPRA Ap. V R. 65.3.

aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado. (Énfasis nuestro)

**-C-**

Toda parte contra la cual se presenta una demanda que desee ejercer su derecho a defenderse debe contestarla mediante alegación responsiva dentro del término de treinta (30) días de haber sido emplazada conforme a derecho. Regla 10.1 de Procedimiento Civil[30]. Cónsono con ello, las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía bajo las siguientes circunstancias:

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3). Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía[31].

De conformidad, nuestro máximo foro ha explicado que la rebeldía consiste en la "posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal"[32]. En nuestro sistema civil se reconocen cuatro instancias en que puede ser declarada una parte en rebeldía: **(1) por no comparecer al proceso después de haber sido debidamente emplazada**; (2) cuando habiendo comparecido mediante alguna moción previa, no ha presentado alegación responsiva dentro del

---

[30] 32 LPRA Ap. V, R. 10.1.
[31] 32 LPRA Ap. V, R. 45.1.
[32] *González Pagán v. Moret Guevara,* 202 DPR 1062, 1068-69 (2019); *Rivera Figueroa v. Joe's European Shop, supra,* págs. 588-589.

término concedido por ley; (3) cuando se niega a descubrir prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba; o, (4) cuando una parte ha incumplido con alguna orden del tribunal; en estos dos últimos escenarios la anotación de rebeldía constituye una medida sancionadora.

**-D-**

La acción de desahucio está regulada por los Artículos 601-634 del Código de Enjuiciamiento Civil[33], es un procedimiento de carácter sumario que responde al interés del Estado de atender con prioridad la causa de acción del dueño de un inmueble, que ve interrumpido su derecho a poseer y disfrutar de su propiedad[34].

El objetivo principal de la acción de desahucio es recuperar la posesión de hecho de una propiedad inmueble, mediante el lanzamiento o expulsión de un arrendatario o precarista que la detente, sin pagar canon o merced alguna o sin tener derecho a permanecer en su disfrute o posesión[35].

El Artículo 620 del Código de Enjuiciamiento Civil[36], faculta al dueño de la finca, entre otras prerrogativas, a promover la acción de desahucio. Según el referido Código, esta acción puede interponerse contra "los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna"[37].

Según dispone la ley, las vistas de desahucio serán promovidas "por medio de una demanda redactada conforme a lo prescrito para el juicio ordinario por las Reglas de Procedimiento

---

[33] 32 LPRA secs. 2821-2838.
[34] *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992); *Mora Dev. Corp. V. Sandín*, 118 DPR 733, 749 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971).
[35] *Fernández & Hno. v. Pérez*, 79 DPR 244, 247 (1956).
[36] 32 LPRA sec. 2821.
[37] 32 LPRA sec. 2822.

Civil y, presentada aquella, se mandará a citar al actor y al demandado para su comparecencia a una vista, la que deberá celebrarse dentro de los diez (10) días siguientes a aquel en que se presente la reclamación[38]."

Es mandato legal que "[e]l día de la comparecencia se celebrará el juicio y en él expondrán por su orden las partes lo que a su derecho conduzca y formularán en el acto toda la prueba que les convenga." Admitida la prueba, se dictará la sentencia "dentro de un término mandatorio no mayor de diez (10) días". El demandado presentará todas sus defensas al contestar la demanda[39].

Ahora, en casos apropiados, el demandado puede presentar otras defensas afirmativas íntimamente relacionadas con la causa del desahucio, con el objetivo de que el procedimiento se torne en ordinario. Así lo ha establecido una sólida jurisprudencia.

**-E-**

Un defensor judicial es un tutor especial que se nombra a un menor o incapacitado para que le represente en un pleito específico[40]. Este nombramiento procede en virtud del poder de *parens patriae* que ostenta el Estado, cuyo único y principal objetivo es asegurar el bienestar de los menores e incapaces[41].

Ahora bien, la Regla 15.2 (b) de las de Procedimiento Civil dispone que:

> (b)      En los casos previstos en la última oración de la Regla 4.4(c) y en la Regla 22.2[42], el tribunal determinará sobre el estado mental de la parte y, si es conveniente y procede, el nombramiento de un defensor judicial.[43]

---

[38] 32 LPRA sec. 2824.

[39] 32 LPRA sec. 2826.

[40] *R&G Premier Bank P.R. v. Registradora*, 158 DPR 241 (2002); *Rivera y Otros v. Bco. Popular*, 152 DPR 140 (2000); *Fernández Martínez v. Tribunal Superior*, 89 DPR 754, 758 (1964).

[41] *Santana Medrano v. Acevedo Osorio*, 116 DPR 298, 301 (1985); *Ex parte Maldonado*, 42 DPR 867 (1931).

[42] La Regla 22.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 22.2, dispone:
> Si una parte queda incapacitada, el tribunal, previa moción notificada en la forma dispuesta en la Regla 22.1, podrá permitir que continúe el pleito por o contra su tutor(a) o defensor(a) judicial.

[43] 32 LPRA Ap. V, R.15.2 (b).

En los casos en que la parte demandante, su abogado o abogada o la persona que diligencie el emplazamiento tengan fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, "deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2 (b) de las de Procedimiento Civil, *supra*. Así pues, partiendo de dicha solicitud, decidirá el tribunal si procede o no el nombramiento de un defensor judicial a la parte sujeto a un criterio de conveniencia, según se desprende del texto de la Regla 15.2 (b) de las de Procedimiento Civil, *supra*[44].

Así pues, el tribunal tiene la discreción de establecer cualquier otra medida para proteger los intereses de esta parte, cuya determinación estará guiada por el principio rector de todo nuestro ordenamiento procesal de lograr que los casos sean resueltos de una forma justa, rápida y económica[45].

### III.

En su recurso, la parte peticionaria expuso cuatro señalamientos de errores. En el primer señalamiento de error, aduce que incidió el foro primario en su determinación debido a que procede el relevo de sentencia y levantamiento de anotación de rebeldía como resultado de múltiples violaciones al debido proceso de ley, entre estos, no haber recibido escritos del Tribunal ni de Ford Investment. No le asiste la razón a la parte peticionaria. Veamos.

En el presente caso, la parte peticionaria fue emplazada personalmente el 4 de abril de 2023. Mediante dicho emplazamiento, se le apercibió que de no presentar alegación responsiva a la *Demanda* dentro de un término de treinta (30) días, el TPI podría dictar sentencia en rebeldía, si así lo entendiera procedente.

---

[44] *Rivera y Otros v. Bco. Popular, supra*, pág. 159.
[45] *Id.*, págs. 159-160.

Luego de transcurrir más de ciento veinte (120) días en el pleito, sin que la parte peticionaria presentara alegación responsiva alguna, el foro primario anotó la rebeldía. La parte peticionaria no presentó contestación a la *Demanda Enmendada* ni oposición a la solicitud de anotación de rebeldía instada por Ford Investment. Razón por la cual, propiamente en Derecho, el 14 de septiembre de 2023, el TPI dictó *Sentencia* en rebeldía. Nuevamente, transcurrieron casi ciento cincuenta (150) días para que la parte peticionaria presentara su primer escrito.

En *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 587 (2011), nuestro más Alto Foro expresó lo siguiente:

> El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. Recordemos que "es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". En otras palabras, "justicia tarda equivale a la denegación de la justicia misma". La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal".
> De acuerdo con nuestro ordenamiento procesal civil son tres los fundamentos por los cuales una parte puede ser declarada en rebeldía. En el caso de autos aplica el primero y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber, pues tiene el derecho o la facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses[46].

Por su parte, la Regla 67.1 de Procedimiento Civil[47] establece, en lo pertinente, que:

> No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.

---

[46] *Rivera Figueroa v. Joe´s European Shop, supra,* pág. 588.
[47] 32 LPRA Ap. V, R. 67.1.

Al aplicar la normativa jurídica establecida, la cual dispone que cuando una parte ha sido debidamente emplazada y tras esto, no ha comparecido, no será necesario que se le notifique todo escrito u orden subsiguiente a la demanda original[48]. En consecuencia, colegimos que el primer error señalado no fue cometido.

Por estar estrechamente relacionados entre sí, discutiremos de forma conjunta los señalamientos de error **segundo y tercero**. En estos, la parte peticionaria arguye que erró el foro primario al emitir su determinación conforme al procedimiento de desahucio regulado por el Código de Enjuiciamiento Civil y no tramitar el caso bajo el procedimiento civil ordinario. La parte peticionaria sostuvo que tenía defensas en los méritos que no pudo presentar en el caso.

Tras examinar el recurso presentado por la parte peticionaria y los documentos que obran en el expediente, no encontramos razón alguna para intervenir con la discreción del TPI y desvirtuar el manejo de los procedimientos. Asimismo, concluimos que no medió arbitrariedad o error, ni abuso de discreción del TPI en la determinación recurrida. Por consiguiente, no tenemos fundamento alguno para intervenir con el manejo del caso por parte del foro recurrido.

Entendemos menester acentuar que la parte peticionaria, al no comparecer al pleito, optó por no defenderse ni articular las defensas, si alguna, que le correspondía presentar. Por tanto, la consecuencia procesal lógica fue la que determinó correctamente el TPI. Colegimos que el segundo y tercer señalamiento de error tampoco fueron cometidos.

Así pues, en cuanto al **último error señalado**, sobre la necesidad de designar a un defensor judicial al señor López, destacamos que las Reglas de Procedimiento Civil le imponen una

---

[48] *Bco. Popular v. Andino Solís*, 192 DPR 172, 180 (2015).

responsabilidad al demandante, su abogado o a la persona que diligencia el emplazamiento de informar al tribunal respecto a cualquier motivo fundado que le lleve a dudar de la capacidad mental del demandado[49].

En el caso de autos, el 25 de abril de 2023, el señor Víctor M. Cardona González, emplazador, otorgó una declaración jurada, en la que indicó lo siguiente respecto al emplazamiento del señor López:

> 8. Que pregunt[é] si podía entrar a emplazar a Miguel López, ya que fui informado por el Lcdo. Antonio Barceló que esta persona era encamada o con limitaciones físicas de movimiento, por lo vertido en la vista. Yadira indica que él no vivía allí y que vivía en el apartamento al lado derecho.
>
> 9. Procedo ir al apartamento y llamar a Miguel López, salió una persona mayor y le pregunto si él era Miguel Lopez, me indic[ó] que sí, no obstante, camin[ó] todo el tiempo y no not[é] una limitación física.
>
> 10. Antes de poder entregar cualquier documento o indicar mi presencia en el lugar, [é]l indic[ó] "que él era un señor mayor y que estaba mal de salud y que había hecho gestiones para buscar casa o donde vivir y no había conseguido nada"[50].

Posteriormente, el señor Víctor M. Cardona González suscribió una segunda declaración jurada, en la cual especificó que la señora Soto Laboy aparenta tener 50 años de edad y el señor López aparenta tener más de 60 años de edad[51]. Conforme con estas declaraciones, el TPI ordenó a la OPPEA que entrevistaran a la parte peticionaria y que emitieran un informe con las alternativas que se pudieran brindar [52].

Fíjese que ni el emplazador ni ninguna otra persona relacionada con el pleito notificó al foro primario sobre la posibilidad de que el señor López aparentara tener alguna condición incapacitante. Por tanto, el TPI no estaba obligado a activar la Regla 15.2 (b) de las Reglas de Procedimiento Civil, *supra.*

---

[49] *Rivera y otros v. Bco. Popular, supra*, pág. 158.
[50] Apéndice del recurso, pág. 28.
[51] Apéndice del recurso, pág. 33.
[52] Apéndice del recurso, pág. 35.

Es una norma jurídica reiterada que se presume la capacidad mental o sanidad[53]. En vista de lo anterior, en el caso ante nos no están presentes las circunstancias que justifiquen el nombramiento de un defensor judicial al señor López. Particularmente, no surge que el señor López cuente con una declaración de incapacidad, por lo que su capacidad se presume. Además, el foro primario realizó diversos esfuerzos a través de distintas agencias con el propósito de identificar las necesidades, si alguna, y proveer servicios a la parte peticionaria. Por tanto, concluimos que el cuarto señalamiento de error no se cometió.

Del tracto procesal del presente caso, surge claramente que la parte peticionaria no ejerció su obligación de actuar con diligencia. Desde la fecha en que fue emplazada, la parte peticionaria dejó de presentar su alegación responsiva y sus correspondientes defensas en el pleito. Ante dicha realidad, el recurso ante nos carece de argumentos que develen justa causa, o una buena defensa en los méritos para tal dilación. Por dicha razón, concluimos que el TPI procedió correctamente al dictar *Sentencia* en rebeldía y declarar Ha Lugar la *Demanda Enmendada* instada por Ford Investment.

**IV.**

Por los fundamentos antes expuestos, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen impugnado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[53] Art. 100 del Código Civil de Puerto Rico de 2020.
Artículo 100. — Presunción de capacidad.
Se presume la capacidad de la persona natural mayor de edad, de obrar por sí misma. Contra esta presunción solo se admite la sentencia de incapacitación absoluta o de restricción parcial de la capacidad por las causas y la extensión que determina la ley. 31 LPRA sec. 5601.